## Case No. 12,952.

SLOCUM et al. v. HATHAWAY.

[1 Paine, 290.] [1]

Circuit Court, D. Vermont. May Term, 1820.

PRINCIPAL AND SURETY—PRISON BOUNDS BOND—ESCAPE—ASSENT OF PLAINTIFF.

The obligors on a bond for the jail limits are not discharged from their liability for an escape by the subsequent assent of the plaintiff. Such assent to have any effect must have been given prior to the escape.

At law.

C. Marsh and H. Allen, for plaintiffs.
C. P. Van Ness, for defendant.

LIVINGSTON, Circuit Justice. This action is brought on a bond executed on the 15th day of November, 1805, by the defendant, together with Silas Hathaway and two others, to the marshal of this district, the condition of which is, that Silas Hathaway, who had been taken on a ca. sa., which had issued on a judgment obtained against him by the plaintiff, should remain within the limits of the jail, and should not depart therefrom until he should be lawfully discharged, without committing any escape before such discharge, nor do any act by which the marshal should be damnified. There is no dispute between the parties that an escape took place on the 10th of September, 1814, so as to render the defendant liable to an action on this bond; but he contends, that he is exonerated from a liability which, it is admitted, then attached, by an act of the plaintiffs themselves, or their assignees.

It appears by the pleadings, that after the commencement of this action, which was commenced in September, 1814, a separate suit was brought on this same bond, for said escape, against Silas Hathaway, the original

---

[1] [Reported by Elijah Paine, Jr., Esq.]

debtor, in which a judgment was obtained against him. On a capias issued on this judgment, S. Hathaway was arrested, and remained in prison until he escaped therefrom on the 6th of February, 1818. That a little better than three months after the last escape, the marshal, on fresh pursuit, took him into custody, for the purpose of recommitting him to prison on the aforesaid execution, when he produced the following note in writing from the assignee of the plaintiffs, which had been obtained after the escape, and previous to the recapture aforesaid: "Silas Hathaway is now here," (that is in the city of New-York,) "and has informed me he has broke jail in order to get his affairs settled. It is not my wish that he should be again confined on account of the debt due me, brought against him by William and Christopher M. Slocum, until after next term, when the trial comes on, in order to give him an opportunity of attending court and making arrangements towards a settlement by our getting a judgment against his bail." This act on the part of the plaintiff, it is contended, discharged the marshal from any liability he might have been under for the escape of Silas Hathaway, and for the same reason the present defendant alleges that he is exonerated.

To determine on the sufficiency of this defence, it will be necessary to look to the situation of the parties at the time when this note or memorandum was given by the plaintiffs' assignee; and then inquire what ought to be its effect on the present action. There is no doubt that the condition of the bond on which this action is brought, was broken on the 10th September, 1814, and that the responsibility which thereby devolved on the defendant in common with the other obligors, continued in full force at the time of the second escape of Silas Hathaway, and down to the 23d day of May, 1818, when he was retaken by the marshal; and that if he had then been committed to jail, and remained there without any interference of the plaintiffs, the defendant would still be liable to this action. But although this be not denied, it is supposed that the plaintiff, by assenting to Silas Hathaway's continuing at large for a certain time after his last escape, has thereby deprived himself of a recourse against the sheriff for such escape, and also of a remedy on this bond against any of the obligors.

It has been long and well settled, that if there be a joint and several obligation for the payment of money, and judgment be recovered against one of the obligors, who being in execution thereon, escapes, or rather goes at large by permission of the sheriff, under a command or license of the plaintiff, not only is every remedy against such obligor gone for ever, but all the other parties to the bond are also discharged. But there is no case on this subject which does not make a precedent consent on the part of the plaintiffs a sine qua non in giving effect to such

discharge. This was decided in 1 Salk. 271, and Baron Comyns, who is an authority in himself, reports this decision as law, and says that if a sheriff permits a voluntary escape with the plaintiff's consent, the defendant can never be retaken by the sheriff or the plaintiff, if such consent of the plaintiff be precedent to the escape; but otherwise if it be subsequent. So in a case in 1 Term R., Mr. Justice Ashurst observes, that when a prisoner is discharged with the consent of the party who put him in execution, he cannot be retaken. The reason of this distinction is obvious. If the party who confines another on execution, orders him to be liberated, as he has a right to do, it is the duty of the sheriff to let him go at large, and the plaintiff thereby acquires no right of action against any one. But if the party escapes, by the permission or negligence of the sheriff, without any previous interference on the plaintiff's part, a right of action has accrued against the officer, which the law will not allow to be discharged by any subsequent loose consent, and probably by nothing but a release under seal, or by some agreement founded on valuable consideration. This was recognised as law in a very recent decision in 16 Johns. Nor can it make any difference whether in the given case, the sheriff has a right of recaption or not; or, in other words, whether the escape be negligent or permissive, the reason of the rule applying as much to the one case as to the other, there being in both at the time of the supposed consent a vested right of action against the party from whose custody the escape was effected. It is not a sufficient answer to say that the posterior consent shall have relation back to the time of the escape, and that subsequent ratification of the acts of another renders it as valid as if it had been preceded by a regular letter of attorney. Whatever may be the effect of such ratifications in particular cases, it is sufficient to say, that in the one before the court, the law has decided that no after consent, a right of action having already accrued, shall have the same effect as one given antecedently, or contemporaneously with the discharge of the prisoner.

It has thus far been supposed that the writing subscribed by Mr. Bowne, is a subsequent assent on his part to the escape which had taken place; but it contains in terms no such thing. It is not even an expression of a wish or desire that Hathaway may not be arrested again; but merely that he has no wish on the subject, which might very well be the case, especially if he thought that by the escape he had obtained a remedy for his debt against the marshal. Certain it is, that it imposed on the marshal no obligation to abstain from retaking his prisoner, and committing him to jail; and if such recaption took place, as it did, the writing contained no authority to discharge the debtor from custody. It is not perceived how the present defendant could be defrauded by Silas Hatha-

way's continuing at large until after the then next term of the court, or how it would facilitate the obtaining of a judgment against the defendant in this suit; for whether he were in confinement or not on the judgment which had been obtained against him on the jail bond, the liability of the defendant to the action would be precisely the same, provided he had not been discharged from confinement on the judgment on the jail bond by order of the present plaintiffs. The court is of opinion there must be judgment for the plaintiffs.